IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN MALCOLM STEWART §
　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　§
VS. § NO. 3-10-CV-1687-B-BD
　　　　　　　　　　　　　§
MAUREEN CRUZ, Warden, §
FCI-Seagoville §
　　　　　　　　　　　　　§
　　　　Respondent. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner John Malcolm Stewart, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied.

I.

In 2008, petitioner was sentenced to 76 months in prison following his conviction on fraud-related charges. His projected release date is December 16, 2011.[1] On August 27, 2010, petitioner filed an application for writ of habeas corpus in federal district court challenging a determination by the Bureau of Prisons ("BOP") that he would be sent to a halfway house or Residential Reentry Center ("RRC") for 151-180 days prior to his release, instead of 12 months as permitted by statute. In his writ, petitioner argues that the BOP should consider him for placement in a halfway house or RRC on an individualized basis, using the five factors set forth in 18 U.S.C. § 3621(b), and taking into account the language of 18 U.S.C. § 3624(c)(6)(C), which requires the BOP to ensure that

---

[1] This projected release date assumes that petitioner receives all available good conduct time credits.

placement in a community correctional facility is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community."

II.

Section 3621(b) requires prison officials to consider the following factors in designating a place of imprisonment:

>   (1)   the resources of the facility contemplated;
>
>   (2)   the nature and circumstances of the offense;
>
>   (3)   the history and characteristics of the prisoner;
>
>   (4)   any statement by the court that imposed the sentence--
>
>   >   (A)   concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   >
>   >   (B)   recommending a type of penal or correctional facility as appropriate; and
>
>   (5)   any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). A BOP Unit Team evaluated petitioner for RRC placement and recommended that he be sent to a pre-release community correctional facility for 151-180 days. In an unsworn declaration, P.M. Anthony, the BOP Unit Manager, explains why the Unit Team recommended placement for fewer than 12 months:

> The petitioner was sentenced in the Western District of Washington -- Seattle Division and lived in the Seattle area when he was arrested. Therefore, he will likely be placed in an RRC in or near Seattle.
>
> The petitioner's offenses posed a threat to the public. The Presentence Investigation Report prepared for the petitioner's criminal case revels [sic] the nature of the offenses including obtaining, "without authorization, the means of identification of real persons, including their names, dates of birth, social security numbers, bank account numbers, and drivers' license numbers."

> The petitioner's history and characteristics were evaluated. He has exhibited good institutional adjustment. Additionally, while he doesn't appear to have good outside resources through his family, he does list his mother and father as his primary emergency contact. The Unit Team also considered petitioner's disciplinary history, educational profile, work history, academic profile, vocational and career history, interpersonal characteristics, wellness and mental health, cognitive abilities, leisure activities, and his daily living capabilities.
>
> There does [sic] not appear to be any relevant statements by the sentencing court or pertinent policy statements issued by the U.S. Sentencing Commission in the petitioner's case. Thus, it appears a recommendation of 151-180 days RRC is appropriate at this time and provides the best opportunity for successful reintegration into the community.

(Gov't Resp. App. at 3-4, ¶¶ 9-12) (citations omitted).

It is clear that the Unit Team gave due consideration to the five factors set forth in 18 U.S.C. § 3621(b). Even if petitioner would benefit from additional time in an RRC to obtain "job skills, social skills, and most important, life experience to navigate in the free world[,]" (*See* Pet. Reply at 1), nothing in the statute or BOP regulations mandate placement in an RRC for any particular duration. *See Walker v. Sanders*, No. CV-09-1322-GAF(E), 2009 WL 2448023 at *5 (C.D. Cal. Aug. 10, 2009), *aff'd*, 385 Fed.Appx. 747 (9th Cir. Jul. 1, 2010). Petitioner is only entitled to an individualized, good faith determination with regard to such placement. The BOP has shown that petitioner was afforded such consideration. That petitioner disagrees with the decision does not make it unlawful. *See Creager v. Chapman*, No. 4-09-CV-0713-A, 2010 WL 1062610 at *3 (N.D. Tex. Mar. 22, 2010) (citing cases); *Roman v. Berkebile*, No. 3-08-CV-0002-N, 2008 WL 4559825 at *2 (N.D. Tex. Oct. 6, 2008).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 28, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE